**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

MARTIN J. WALSH, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

                    Plaintiff,         **REPORT AND RECOMMENDATION**

    v.                                     No. 2:21-mc-00237 (DRH) (ST)

FIVE CORNERS FOOD, INC., a. d/b/a CROSS
ISLAND FRUITS, and JOSEPH ROSSI,

                    Respondents.
------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

        Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff") commenced this action to compel Respondents Five Corners Food Inc. ("Five Corners") and Joseph Rossi ("Rossi") (collectively, Respondents) to produce documents pursuant to administrative subpoena *duces tecum* ("Subpoena"). On June 30, 2021, Plaintiff filed a Motion to hold Respondents in contempt for their failure to comply with (1) this Court's Orders dated February 8, 2021 and May 21, 2021 directing Respondents to produce documents in compliance with the Subpoena; and (2) this Court's Order dated May 12, 2021 directing Respondents to appear for a motion hearing.

        The Honorable Denis R. Hurley referred Plaintiff's Motion for Contempt to the undersigned to issue a Report and Recommendation.

        For the reasons discussed below, this Court certifies the facts set forth hereinafter and respectfully recommends that an order to show cause be issued as to why Respondents should not be found in contempt at a hearing to be held before Judge Hurley. This Court further

1

recommends that should Respondents be held in contempt, $250 per diem fine be imposed until such time as Respondents fully comply with this Court's February and May Orders.

## I.     BACKGROUND

On August 6, 2020, the U.S. Department of Labor, Wage and Hour Division ("WHD") first requested that Respondents produce records essential to its Fair Labor Standards Act ("FLSA") investigation.  Pl.'s Mem. of Law at 2, Dkt. No. 13; Wen Decl. ¶¶ 4-8, Dkt. No. 13.  After Respondents disregarded numerous requests and deadlines, WHD issued a subpoena *duces tecum* on October 19, 2021 seeking the relevant records ("Subpoena").  *Id*.  Despite WHD's initial request and the subsequent Subpoena, Respondents did not produce any records.  *Id*.

On January 15, 2021, Plaintiff commenced this action and filed a Motion to Compel Respondents to produce documents pursuant to the Subpoena.  *See* Pl.'s Mot., Dkt. No. 1.  On February 8, 2021, this Court granted Plaintiff's First Motion to Compel and ordered Respondents to provide all documents requested in the Subpoena within 30 days.  Dkt. No. 7.  Respondents agreed to provide the records on a rolling basis.  *Id*.

In March 2021, the WHD allegedly received some records from Respondents.  Pl.'s Mem. of Law at 2, Dkt. No. 13; Wen Decl. ¶ 7; Bowles Decl. ¶ 6.  According to Plaintiff, however, Respondents' response constituted only partial compliance with the Subpoena.  Pl.'s Mem. of Law at 2, Dkt. No. 13.  In particular, Plaintiff alleges that Respondents failed to produce (1) any time records for the two-year period WHD requested and only produced pay records for two weeks of the relevant time period; and (2) information about Respondents' current and former employees.  Wen Decl. ¶¶ 10-11.

WHD contacted Respondent Rossi to confirm whether Respondents planned to supplement their original production.  *Id*.  Respondents requested that WHD provide an itemized

2

list of outstanding documents, which WHD did by letter dated March 22, 2021. *Id*; Wen Decl. ¶¶ 10-11; Bowles Decl., ¶¶ 9-11, Ex. A.

Subsequently, Respondent Rossi allegedly sent various emails conveying an intention to supplement the production request. Bowles Decl., ¶¶ 10-13. On April 12, 2021, Respondent Rossi informed WHD that the requested records were mailed. *Id* ¶¶ 10-13. WHD did not receive any mailed records despite several follow-ups via emails, inquiries, and voicemails. Pl.'s Mem. of Law at 3-4, Dkt. No. 13.

Given the impasse, on May 7, 2021, Plaintiff filed another Motion to Compel seeking Respondents to comply with this Court's Order dated February 8, 2021. *See* Pl.'s Mot., Dkt. No. 8. This Court scheduled a motion hearing for May 19, 2021, where Respondents failed to appear. *See* Minute Order, Dkt. No. 10. Subsequently, on May 21, 2021, this Court granted Plaintiff's Motion to Compel and ordered Respondents to produce the outstanding records responsive to the Subpoena within 14 days or face sanctions. *Id*. The Court further advised Plaintiff to move to hold Respondents in contempt, should Respondents fail to comply with the Court's directive. *Id*.

On June 30, 2021, Plaintiff filed the instant Motion for Contempt. *See* Pl.'s Mot., Dkt. No. 13.

## II.   DISCUSSION

### A.  Jurisdiction

The Federal Magistrate Act provides that magistrate judges have "limited contempt authority" and sets forth the relevant procedure for finding and acting on contempt. 28 U.S.C. § 636(e); *United States v. Lax*, 18-cv-04061 (ILG) (PK), 2021 WL 2309815, at 1 (E.D.N.Y. June 7, 2021); *Safeco Ins. Co. of Am. v. M.E.S., Inc.*, 09-cv-3312 (PKC) (VMS), 2014 WL 12834210,

3

at 2 (E.D.N.Y. June 27, 2014). Where, as here, the parties have not consented to the jurisdiction of a magistrate judge, a magistrate judge is not empowered to issue a final contempt order. 28 U.S.C. § 636(e). Instead,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii). In certifying the facts, "the magistrate judge's role is to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 118 (E.D.N.Y. 2008) (internal quotations omitted).

### B. Certified Facts

The Court hereby certifies that Plaintiff has set forth a prima facie case for contempt based on the following facts:

1. On August 6, 2020, WHD first requested that Respondents produce records essential to Plaintiff's FLSA investigation.

2. WHD issued the Subpoena dated October 19, 2021 seeking relevant records from Respondents.

3. On January 15, 2021, Plaintiff filed a Motion to Compel Respondents to produce documents pursuant to the Subpoena.

4. On February 8, 2021, this Court granted Plaintiff's First Motion to Compel and ordered Respondents to provide all documents requested in the Subpoena within 30 days. Respondents agreed to provide the records on a rolling basis.

5. In March 2021, the WHD received some records from Respondents. However, Respondents' response constituted only partial compliance with the Subpoena.

6. WHD contacted Respondent Rossi to confirm whether Respondents planned to supplement their original production.

7. Respondents requested that WHD provide an itemized list of outstanding documents, which WHD did by letter dated March 22, 2021.

8. On April 12, 2021, Respondent Rossi informed WHD that the outstanding records were mailed. WHD did not receive any mailed records despite several follow-up efforts.

9. On May 7, 2021, Plaintiff filed its second Motion to Compel seeking Respondents to fully comply with this Court's Order dated February 8, 2021.

10. This Court scheduled a motion hearing for May 19, 2021, where Respondents failed to appear.

11. On May 21, 2021, this Court granted Plaintiff's Motion to Compel and ordered Respondents to produce the outstanding records responsive to the Subpoena within 14 days or face sanctions. The Court further advised Plaintiff to move to hold Respondents in contempt, should they fail to comply with the Court's directive.

12. Respondents did not comply with this Court's Orders dated February 8, 2021, May 12, 2021, and May 21, 2021.

13. On June 30, 2021, Plaintiff filed the instant Motion for Contempt.

### C. Standard for Civil Contempt

A court's power to hold a party in contempt "serves to protect the due and orderly administration of justice and to maintain the authority and dignity of the court." *CBS Broad. Inc.*

*v. Filmon.com*, Inc., 814 F.3d 91, 98 (2d Cir. 2016) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)).  A court may hold a party in contempt for failure to comply with a court order if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *CBS Broad. Inc*., 814 F.3d at 98; *Akman v. Pep Boys Manny Moe & Jack of Del.*, Inc., No. 11-cv-3252 (MKB), 2013 WL 2237542, at 6 (E.D.N.Y. May 21, 2013).

### 1. This Court's Orders are clear and unambiguous

For a court order to be clear and unambiguous, it must leave no uncertainty in the minds of those to whom it is addressed.  *Eros Entertainment, Inc. v. Melody Spot, L.L.C.*, No. 99 CV 1157 SJ., 2005 WL 4655385 at 5 (E.D.N.Y. Oct. 11, 2005) (quoting *Hess v. N.J. Transit Rail Operations, Inc*., 846 F.2d 114 (2d. Cir. 1988)).  A 'clear and unambiguous' order is one that is 'specific and definite enough to apprise those within its scope of the conduct that is being proscribed. *Independent Living Aids, Inc. v. Maxi-Aids, Inc*., 349 F.Supp.2d 509 (E.D.N.Y. 2004) (citations omitted).

This Court issued orders dated February 8, 2021 and May 21, 2021, granting Plaintiff's Motion to Compel Respondents to produce records pursuant to the Subpoena.  Dkt. Nos. 7, 10.  This Court also directed Respondents, on May 12, 2021, to telephonically appear at the motion hearing on May 19, 2021.  As such, this Court's orders are clear and unambiguous inasmuch as they plainly directed Respondents to comply with Plaintiff's requests and appear for the motion hearing.  *Id*. Specifically, the February 8, 2021 Order clearly directed that Respondents shall "provide all documents requested in the administrative subpoena within 30 days. . . ."  The May 21, 2021 Order is equally unambiguous and states that Respondents shall "produce all remaining

6

records responsive to the subpoena within 14 days . . . or the Court will impose sanctions." Finally, the Court's May 12, 2021 Order requiring the parties to appear telephonically for a motion hearing on May 19, 2021 is clear and nearly identical to its February 1, 2021 Order directing the parties to appear on February 8, 2021, where Respondents appeared pro se. The plain terms of this Court's orders do not reflect any "uncertainty in the minds of those to whom it is addressed." *See King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995).

Thus, this Court issued clear and unambiguous Orders directing Respondents to produce documents in compliance with the Subpoena and appear for a motion hearing.

## 2. Respondents' non-compliance is clear and convincing

Although the alleged contemnor's action need not be willful, the party seeking to hold the other in civil contempt must produce "clear and convincing" evidence that the defendant violated an order of the court. *Independent Living Aids*, 349 F.Supp.2d at 515. The clear and convincing standard requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation has occurred. *Id*.

Here, Respondents have failed to produce outstanding records responsive to the Subpoena or offer any explanation for the documents' absence. *See generally* Wen Decl.; Bowles Decl. Even though WHD enumerated the deficiencies in Respondents' production, Respondents have not cured the defects yet. *See* Bowles Decl., Ex. A (Mar. 22, 2021 letter); Pl.s Mem. of Law at 2, Dkt. No. 13. Respondent Rossi's records allegedly sent by mail were not received by WHD despite several follow-up efforts. Wen Decl. ¶¶ 10-11; Bowles Decl. ¶¶ 9-26, Ex. A. More specifically, Respondents have not produced (1) any time records for the two-year period WHD requested and only produced pay records for two weeks of the relevant time period; and (2) information about Respondents' current and former employees including their dates of

7

employment, job titles, phone numbers or email addresses except the IRS form W-2s that contain employee's names and addresses. *Id*. Finally, Respondents failed to appear at a motion hearing to address these deficiencies. *See* Minute Order, Dkt. No. 10.

Applying the clear and convincing standard and relying on the declarations of WHD Investigator Sandy Wen and counsel Allison Bowles, this Court determines that Respondents' non-compliance is clear, and the specificity set forth in the accompanying declarations plainly satisfies the necessary "quantum of proof adequate to demonstrate" such noncompliance with "reasonable certainty." *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002) (citation omitted). *See, e.g., Safeco Ins. Co. of Am. v. M.E.S., Inc.*, 09-cv-3312 (PKC) (VMS), 2014 WL 12834210, at *18–19, 28 (E.D.N.Y. June 27, 2014) (prima facie showing of "clear and convincing" non-compliance when party's partial "production" "fell short of" all documents requested, even after requesting party provided an "extremely detailed accounting of missing documents in previous productions"), report and recommendation adopted, 2017 WL 1194730, at *9 (Mar. 30, 2017); *Hunter TBA, Inc.*, 250 F.R.D. at 120 (holding that since defendants failed to appear at recent court proceedings, plaintiff had met its clear and convincing standard for contempt purposes). *See also United States v. JK Peris, Inc.*, No. 12-cv-6628, 2018 WL 3949896, at *3 (W.D.N.Y. Aug. 16, 2018) (sworn declaration by government investigator satisfied necessary quantum of proof for contempt finding).

Thus, this Court determines that Respondents' non-compliance with this Court's Orders is clear and convincing because Respondents' production fell short of all documents requested and Respondents have not cured the defects.

### 3. Respondents have not diligently attempted to comply in a reasonable manner

To determine reasonable diligence, courts examine the defendant's actions and consider whether they are based on a good faith and reasonable interpretation of the court order. *Safeco*, 2014 WL 12834210, at 21 (quoting *Schmitz v. St. Regis Paper Co.*, 758 F. Supp. 922, 927 (S.D.N.Y. 1991)); *Lax*, 18-cv-04061 (ILG) (PK), 2021 WL 2309815 at 1.

Here, over a year has passed since the Subpoena was issued, and many months have gone by since this Court ordered Respondents to produce outstanding records and appear at the motion hearing to address the deficiencies in the document production. After providing an initial, incomplete response to the Subpoena, Respondents have not made any meaningful effort to comply with this Court's Orders. *D-M Sales Corp.*, 903 F. Supp. at 433-434. Respondents have neither raised any objections to the Subpoena nor claimed that requested records do not exist nor that Respondents do not have them.

Respondents' efforts fall short of the good faith attempts to comply with the Court's Orders. Under similar situations, courts have found a party's conduct to fall short of reasonable diligence. *See, e.g., U.S. v. D-M Sales Corp.*, 903 F. Supp. 431, 433-434 (E.D.N.Y. 1995) (civil contempt warranted where party failed to comply with an order directing them to supplement "incomplete and unsworn answers" answers to a subpoena and "provide requested documents"). *Cf. Linde v. Arab Bank, PLC*, 269 F.R.D. 186, 200 (E.D.N.Y. 2010) (granting sanctions where documents were produced but production was not complete) (quoting *Compagnie Franciase d'Assurance Pour le Commence Exterieur v. Phillips Petrol. Co.*, 105 F.R.D. 16, 31 (S.D.N.Y. 1984)), appeal dismissed, 706 F.3d 92 (2d Cir. 2013). *See also Chere Amie, Inc. v. Windstar Apparel Corp.*, 175 F. Supp. 2d 562, 565 (S.D.N.Y. 2001) (citing 5 J. Thomas McCarthy,

9

McCarthy on Trademarks and Unfair Competition § 30:22, at 43 (4th ed. 1999) (To avoid contempt, "[m]ore is required than a grudging, half-hearted or foot dragging attempt.")).

Thus, Respondents have not diligently attempted to comply in a reasonable manner because they have not made good faith attempts to comply with the Court's Orders.

Therefore, this Court respectfully recommends that Respondent be held in contempt because Respondents have failed to comply with this Court's clear and unambiguous Orders; Plaintiff has met its burden to show that Respondents' noncompliance is clear and convincing; and Respondents have not diligently attempted to comply in a reasonable manner.

### A. Remedy

#### 1. Fine

Having held Respondents in contempt, the Court must determine the appropriate remedy. *SD Protection, Inc. v. Del Rio*, 587 F. Supp. 2d 429, 434 (E.D.N.Y. 2008). Plaintiff seeks the following graduated per diem fine schedule until such time as Respondents fully comply with this Court's Orders: a $250 per diem fine during the first fourteen days after the Court rules on this Motion; a $500 per diem fine beginning on day fifteen; and a $1,000 per diem fine beginning on the thirty-first day. Should Respondents continue to remain out of compliance with this Court's Orders after one month, Plaintiff also reserves the right to seek further coercive sanctions, including but not limited to incarceration.

To support Plaintiff's request, Plaintiff submits: (1) Declaration of WHD investigator Sandy Wen; (2) Declaration of counsel Alison Bowles; (3) email exchange with Respondents; and (4) letter from Plaintiff to Respondents, dated March 21, 2021, with an itemized list of outstanding documents for Respondents' production.

A party may be held in civil contempt either to coerce compliance with an order of the court, or to compensate the injured party for losses or damages. *Eros Entertainment, Inc.*., 2005 WL 4655385 at 6; *See also SD Protection, Inc. v. Del Rio*, 587 F. Supp. 2d 429, 434 (E.D.N.Y. 2008) (holding that the purpose of civil contempt is not to punish the contemnor but to compel its compliance and/or compensate the complaining party for its losses).

In cases where, as here, the civil contempt order is for coercive compliance, the court has broad discretion to fashion an appropriate damage award, which is typically computed in relation to the amount of time that passes during which the party fails to comply. *Eros Entertainment, Inc.*, 2005 WL 4655385 at 6. The U.S. Supreme Court has set forth several factors for the courts to consider whether civil contempt sanctions should be imposed for coercive compliance, including: "1) the character and magnitude of the harm threatened by continued contempt, 2) the probable effectiveness of the proposed sanction, and 3) the financial consequence of that sanction upon the contemnor." *In re Grand Jury Witness*, 835 F.2d at 443 (citing United States v. United Mine Workers of America, 330 U.S. at 304); *See also E.E.O.C. v. Local 28 of Sheet Metal Workers Int'l Ass'n*, 247 F.3d 333, 336 (2d Cir. 2001). These are guiding factors to be used on a case-by-case basis. *See In re Grand Jury Witness*, supra, 835 F.2d at 443; *Perfect Fit Inds., Inc. v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir.), cert. denied, 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 71 (1982).

It is well settled that courts Court must use the least possible power sufficient to coerce compliance. *Safeco*, 2014 WL 12834210, at 4; *Adams v. N.Y.S. Educ. Dep't*, 959 F. Supp. 2d 517, 520 (S.D.N.Y. 2013) (citing *Spallone v. U.S.*, 493 U.S. 265, 276 (1990)). "However, it is nevertheless important to select a sanction which is likely to have some impact." *Adams*, 959 F. Supp. 2d at 520 (citations omitted).

Here, coercive sanctions in the form of per diem fine are proportional because the harm from Respondents' refusal to comply is ongoing. Further, Respondents seek to either undermine this Court's and/or Plaintiff's authority or avoid potential liability pending FLSA investigation, for which Plaintiff has used considerable resources. Accordingly, this Court recommends that $250 per diem fine be imposed until such time as Respondents fully comply with this Court's three February and May Orders. Courts regularly impose per diem fines to enforce compliance. *See e.g., Bricklayers Ins. & Welfare Fund v. P.P.L. Constr. Servs. Corp.*, No. 12-cv-3940 (DLI)(ST), 2017 WL 9481016, at *4 (E.D.N.Y. Jan. 12, 2017) (noting prior imposition of $250 fine for each day that defendant fails to produce all requested records), R&R adopted, 2017 WL 1093192 (Mar. 23 2017); *Mitchell Grp. USA, LLC v. Udeh*, No. 14-cv-5745, 2015 WL 6760109, at *8 (E.D.N.Y. Nov. 5, 2015) (imposing $250 daily fine for failure to produce documents); *Ahava (USA) Inc. v. J.W.G., Ltd.*, 279 F. Supp. 2d 219, 220–21 (S.D.N.Y. 2003) ($1,000 per diem fine "if [defendant] does not comply with the Order within ten days of the Order."); *United States v. Chase Manhattan Bank*, 590 F. Supp. 1160, 1161 (S.D.N.Y 1984) ($5,000 daily fine for failure to produce subpoenaed documents).

Therefore, this Court recommends that $250 per diem fine be imposed until such time as Respondents fully comply with this Court's February and May Orders.

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully certifies the foregoing facts and respectfully recommends that an order to show cause be issued as to why Respondents should not be found in contempt at a hearing to be held before Judge Hurley. This Court further recommends that should Respondents be held in contempt, $250 per diem fine be imposed until such time as Respondents fully comply with this Court's February and May Orders.

12

## IV. OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals.  *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
February 1, 2022