UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------X

EUGENE SCALIA, Secretary of
Labor, United States Department
of Labor,

                              RECOMMENDED ORDER OF CONTINUED
                              CONTEMPT and DIRECTING ISSUANCE
                              OF WARRANT
            Petitioner,       21-MC-00237 (JMA) (ST)

     -against-

FIVE CORNERS FOOD, INC., dba
CROSS ISLAND FRUITS; and JOSEPH
ROSSI,
individually and as a custodian
of records,

                  Respondents.

--------------------------------------------X

APPEARANCES

For Petitioner:      Audrie-Marie Harris Winn,
                     Office of the Solicitor
                     U.S. Department of Labor
                     201 Varick Street
                     New York, New York  10014

For Respondents:     No appearance


TISCIONE, Magistrate Judge:

        **WHEREAS**, this action was commenced on January 15, 2021,

by Eugene Scalia, Secretary of Labor, United States Department

of Labor (hereafter the "Petitioner") seeking to compel Five

Corners Food, Inc. and Joseph Rossi (together "Respondents"), to

comply with an administrative subpoena _duces_ _tecum_ issued on

October 19, 2020, by the Regional Administrator of

the U.S. Department of Labor, Wage and Hour Division.    (See Petition to Enforce Administrative Subpoena Duces Tecum, ECF No. 1);

WHEREAS, this Court subsequently held a hearing on Petitioner's Motion to Compel on February 8, 2021, and granted the motion ordering Respondents to "provide all documents requested in the administrative subpoena served within 30 days" (hereafter the "February 2021 Order"). (See Min. Order Dated Feb. 8, 2021, ECF No. 7);

WHEREAS, the February 2021 Order was sufficiently served upon Respondents.  (See Cert. of Serv., ECF No. 9);

WHEREAS, Petitioner filed a second Motion to Compel on May 10, 2021 when Respondents failed to comply with the February 2021 Order. (See Motion to Compel, ECF No. 8);

WHEREAS, this Court subsequently held a hearing on Petitioner's Motion to Compel on May 21, 2021, and granted the motion ordering Respondents to "provide all remaining documents responsive to the subpoena served within 14 days . . . or this Court will impose sanctions." (hereafter the "May 2021 Order"). (See Min. Order Dated May 21, 2021, ECF No. 10);

WHEREAS, the May 2021 Order was sufficiently served upon Respondents.  (See Aff. of Serv., ECF No. 11);

WHEREAS, when Respondents failed to comply with both the February 2021 and the May 2021 Orders, Petitioner filed a

2

motion for contempt on June 30, 2021, seeking an order from this Court: (1) that Respondents were in civil contempt and (2) that a daily fine be imposed until Respondents purged their contempt. The Petitioners reserved the right to seek further sanctions, such as incarceration, should Respondents fail to purge their contempt. (See Contempt Mot., ECF No. 13-1, 1-9);

**WHEREAS**, the Court subsequently issued a Report and Recommendation on February 1, 2022, recommending that: (1) the District Court issue an Order to Show Cause as to why Respondents should not be held in contempt and (2) should Respondents be found in contempt, a $250 daily fine should be imposed until Respondents purge their contempt. (See Report and Recommendation, ECF No. 16);

**WHEREAS**, the District Court adopted this Court's Report and Recommendation on March 23, 2022, and issued an Order to Show Cause as described therein. (hereinafter the "March 2022 Order.")(See Order Adopting Report and Recommendation and Order to Show Cause, ECF No. 18);

**WHEREAS**, Respondents failed to comply with the March 2022 Order, the District Court subsequently found that Respondents were in civil contempt. (See Order of Contempt, ECF No. 23.);

**WHEREAS**, despite finding Respondents in civil contempt, District Judge Joan M. Azrack afforded Respondents one, final,

opportunity to purge their contempt by appearing in person before the District Court on June 1, 2023. (hereinafter the "June 2023 Hearing.")(See Min. Order Dated May 18, 2023);

**WHEREAS**, Respondents appeared for the June 2023 Hearing at which the District Court Ordered Respondents to produce remaining records by June 7, 2023. (See Min. Entry Dated June 1, 2023, ECF No. 30);

**WHEREAS**, Respondent failed to comply with the District Court's order issued at the June 2023 Hearing and subsequently failed to appear for two Status Conferences before this Court on September 12, 2023 and September 29, 2023. (See Min. Entries Dated Sept. 12, 2023, and Sept. 29, 2023, ECF Nos. 37, 41);

**WHEREAS**, this Court ordered Respondents on September 29, 2023, to Show Cause at a hearing scheduled for October 25, 2023. (hereinafter the "September 2023 Order.")(See Min. Order Dated Sept. 29, 2023, ECF No. 41). The Court warned Respondent that "if [he] fails to appear at the hearing on October 25, 2023, the Court will issue an order for his arrest and incarceration." (Id);

**WHEREAS**, the September 2023 Order was sufficiently served upon Respondents. (See Aff. of Serv., ECF No. 42);

**WHEREAS**, Respondents failed to appear at the October 25, 2023, Show Cause Hearing. (See Min. Entry Dated Oct. 27, 2023, ECF No. 44).

4

**NOW THEREFORE,** (1) having already found Respondents in civil contempt; (2) finding Respondents remain in contempt, having failed to purge said contempt notwithstanding the additional opportunities afforded them to do so; and (3) having considered Respondents were explicitly warned of the consequences of their continued civil contempt;

**IT IS HEREBY RECOMMENDED** that the District Court order the Clerk of the Court issue a Warrant directing the U.S. Marshals Service to hold Joseph Rossi, in custody pending the purging of Respondents' civil contempt as directed in the Court's September 2023 Order;

**IT IS FURTHER RECOMMENDED** that the U.S. Marshals Service be authorized: (1) to use all reasonable force necessary to effect the arrest of Joseph Rossi; and (2) to make a forceable entry into Rossi's residence, if required; and

**IT IS FURTHER RECOMMENDED** that Petitioner be ordered to provide the U.S. Marshals Service with certified copies of: (1) this Order;(2) the February 2021 Order; (3) the May 2021 Order; (4) the March 2022 Order; (5) the Order of Contempt issued November 1, 2022; (6) the September 2023 Order; and (7)

the Warrant. It is Petitioner's responsibility to pay the U.S. Marshals service any fee(s) charged for executing the Warrant.


SO ORDERED.


/s/ STEVEN TISCIONE
Steven Tiscione, U.S.M.J.

Dated: November 2, 2023
        Central Islip, New York